In re C. H. STUART, INC., Liege, Inc., Debtors.

C. H. STUART, INC., Debtor and Debtor-in-Possession, Plaintiff,

v.

Robert STROUSE d/b/a Ashgrove Inn, Defendant.

Bankruptcy Nos. 81–20331, 81–20332 and 81–2070A.

United States Bankruptcy Court, W. D. New York.

June 23, 1981.

Shea & Gould, New York City, for debtors.

James W. Fitzsimmons, Saratoga Springs, N. Y., for defendant.

### MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

Artcraft Concepts is a division of C. H. Stuart, Inc., plaintiff herein. Robert Strouse, defendant in this action, operates a hotel-restaurant in Saratoga Springs, NY known as the Ashgrove Inn. On December 19, 1980, plaintiff held a dinner party at the Ashgrove Inn running up a bill of $3,780. The unpaid balance on that bill is $2,780, the difference having been paid on deposit. The plaintiff apparently has been unable to pay the balance.

On March 6, 1981, plaintiff filed its Chapter 11 petition and listed its indebtedness to defendant in the schedule of claims. A week later defendant filed an accusatory instrument in the City Court of Saratoga Springs charging plaintiff with theft of services, a Class A misdemeanor. On March 28, 1981, plaintiff filed the complaing presently under consideration by this Court asking that defendant be permanently enjoined from appearing in or assisting the prosecution of the criminal proceedings. Oral argument was heard and Memorandums of Law were submitted on this issue on April 13, 1981.

The basis of plaintiff's complaint is that defendant is attempting to impair the jurisdiction of the Bankruptcy Court by resorting to the penal law to collect its claim. In support of this argument, plaintiff points out that the prosecuting attorney in the criminal proceeding is not the local District Attorney nor any other public official, but is Mr. Strouse himself. Plaintiff strenuously argues that the § 362(b)(1) non-stay of criminal proceedings does not apply when a criminal action is commenced to enforce a "private" claim rather than to protect the rights of the public at large.

Alternatively, plaintiff urges that even if the automatic stay does not apply in this case, the Court should use its broad equitable powers under § 105 to stay the action since continuation of the action will unnecessarily impair the progress and goals of the bankruptcy proceedings.

To begin with, the language of § 362(b)(1) is clear and explicit—the automatic stay does not apply to the "commencement or continuation of a criminal action or proceeding against the debtor." While it is true that the criminal charge at issue can be characterized as basically civil in nature (the facts upon which the charge is based would also give rise to an action in assumpsit) failure to pay for restaurant services, when coupled with the requisite criminal intent, is, nevertheless, a Class A misdemeanor in the State of New York. N.Y.Penal Law 165.15–2. When the State defines an act as criminal, this Court will not deem it to be otherwise. Simply put, if a debtor intentionally avoids payment for restaurant services, he may become a debtor thereby, but he is also a thief in the State of New York. A thief cannot escape criminal sanctions by filing bankruptcy and listing his victim on his schedule of unsecured creditors.

Furthermore, the fact that the victim of a crime may be permitted in New York to

prosecute a criminal defendant does not make the proceeding any less a criminal proceeding. As one New York Court has said:

> In some of the counties in this State, the office of the District Attorney is not sufficiently staffed to prosecute all charges in the Justice's Courts ... Under these circumstances, a victim of a [crime] has little choice: he must either represent himself in a criminal prosecution or retain an attorney for that purpose. There may, indeed, be lurking in his mind the object to acquire a judgment for money damages at a later date, but that alone should not defeat the prosecution.

*Read v. Sacco*, 49 A.D.2d 471, 475, 375 N.Y. S.2d 371 (2d Dept. 1975).

Therefore, the theft of services action plaintiff seeks to enjoin is clearly a criminal proceeding and, as such, is excepted from the automatic stay provisions of the Code.

 Some Bankruptcy Courts have held that they have the power under 11 U.S.C. § 105 (see e. g. *In re Reid*, 9 B.R. 830, 4 CBC 2d 196 Bkrtcy.) to enjoin the commencement or continuation of criminal proceedings if necessary or appropriate to carry out the provisions of the Bankruptcy Code. However, if a Bankruptcy Court has no jurisdiction to decide the merits of a criminal case (28 U.S.C. § 1471), it should rarely, if ever, grant a *permanent* injunction of criminal proceedings—a result that is tantamount to a decision on the merits. It may be possible to imagine a scenario wherein criminal charges are so groundless, the debtor is so obviously innocent or the criminal statute so blatantly unconstitutional, that a Bankruptcy Court would permanently enjoin the enforcement of the statute. But this is not such a case.

A state may choose to protect its innkeepers by bringing criminal sanctions to bear on those who would intentionally avoid payment for services rendered. Whether the plaintiff-debtor herein is guilty or innocent of the charge brought against it is a question of fact that can only be resolved in the appropriate State Courts. Since the issue of guilt or innocence must be decided, and since this Court has no jurisdiction to decide the issue, plaintiff's request for a permanent injunction must be denied.

 The only question remaining is whether the criminal proceeding should be temporarily stayed pending completion of reorganization proceedings before this Court. The C. H. Stuart reorganization is a very large and complex case. Relatively speaking, the criminal proceeding is but a minor skermish, a fly speck on an ever increasing pile of papers. At this time, there is no telling how long the reorganization proceedings will last. The theft of services matter appears to be one that can quickly be decided and should not unduly hinder the progress of the reorganization proceedings. Since there is no compelling reason for continuing the stay of the criminal proceedings, the stay is hereby lifted and it is so ordered.