In re Arthur Leon **WAGNER**, Debtor.

Arthur Leon **WAGNER**, Plaintiff,

v.

Jack L. **MILLER**, Prosecuting Attorney of Laclede County, Missouri,

v.

Michael **SHORTRIDGE**, Prosecuting Attorney Howell County, Missouri

v.

David A. **GEISLER**, Prosecuting Attorney Greene County, Missouri, Defendants.

Bankruptcy No. 81–03068–S.
Adv. Nos. 81–1869–S, 81–1840–S and 81–1841–S.

United States Bankruptcy Court, W. D. Missouri, S. D.

March 16, 1982.

**340**

Robert M. Sweere, Springfield, Mo., for plaintiff.

Jack L. Miller, Pros. Atty., Lebanon, Mo., pro se.

Michael Shortridge, Pros. Atty., West Plains, Mo., pro se.

David A. Geisler, Pros. Atty., Springfield, Mo., pro se.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

In these three adversary proceedings, debtor seeks to enjoin the prosecuting attorneys of three Missouri counties from prosecuting him on criminal charges arising out of the issuing of checks which were drawn against insufficient funds. Debtor contends that these prosecutions are subterfuges for the collection of the checks. The prosecutors deny this assertion. In each case, evidence was heard and the matter taken under advisement.

The Missouri statute on checks provides, in part, that

"1. A person commits the crime of passing a bad check when, with purpose to defraud, he issues or passes a check or other similar sight order for the payment of money, knowing that it will not be paid by the drawee, or that there is no such drawee.

"2. If the issuer had no account with the drawee . . . at the time the check or order was issued, this fact shall be prima facie evidence of his purpose to defraud and of his knowledge that the check or order would not be paid.

"3. If the issuer has an account with the drawee, failure to pay the check or order within ten days after notice in writing that it has not been honored because of

insufficient funds or credit with the drawee is prima facie evidence of his purpose to defraud and of his knowledge that the check or order would not be paid." Section 570.120, R.S.Mo.1977.

The violation is punishable by imprisonment, Section 558.011, R.S.Mo.1977, and/or fine, Section 560.011, R.S.Mo.1977.

Debtor filed his case in bankruptcy in early October 1981. The criminal prosecutions were initiated after the filing although contact between the complaining party and the prosecutor and some aspects of the charging process, such as the ten day letter, were initiated before the filing. Generally, the filing of a bankruptcy case stays all proceedings to collect a debt. "The filing of a petition under section 301 . . . of this title does not operate as a stay—(1) under subsection (a) of this section of the commencement or continuation of a criminal action or proceeding against the debtor . . ."

■ Since there are actually prosecutions pending, there is no issue of case or controversy. Similarly, debtor does not suggest that the Missouri statute is unconstitutional. The sole issue is whether these prosecutions are a guise for a collection effort. It is true that debtor was offered an opportunity to pay and avoid prosecution. It is also true that the various complainants would like their money. But neither the opportunity to repay nor the motions of the complainants controls the motives of the prosecutor who protects the interests of the citizenry generally. Debtor has failed to prove that these prosecutions have the purpose of collecting the debt.

The authority of the federal courts to stay proceedings is limited by statute and decisions of the courts themselves. Section 2283, Title 28, U.S.C., provides that

"A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

In *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) the Supreme Court considered the issue of enjoining a state criminal prosecution. It noted the criteria set out in Section 2283 and pointed to an additional basis for the exercise of power.

> "In addition, a judicial exception to the longstanding policy evidenced by the statute has been made where a person about to be prosecuted in a state court can show that he will, if the proceeding in the state court is not enjoined, suffer irreparable damages." 401 U.S. at 43, 91 S.Ct. at 750.

The Court then pointed out that, under normal circumstances, an injunction would not be granted. The "cost, anxiety and inconvenience" of having to defend criminal actions, without more, is not irreparable injury. 401 U.S. at 46, 91 S.Ct. at 751. "The doctrine . . . of restraining equity jurisdiction . . . is . . . important under our Constitution in order to prevent erosion of the role of the jury and avoid a duplication of legal proceedings and legal sanctions . . . This underlying reason . . . is reinforced by an even more vital consideration, the notion of "comity", that is, a proper respect for state functions . . .". 401 U.S. at 44, 91 S.Ct. at 750. See also *Douglas v. City of Jeannette*, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943) and compare *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

The evidence shows that the checks which are the subject of these prosecutions were written during the period from May to September of 1981. Some were written under circumstances which suggest that the transaction was not an ordinary commercial exchange. In others, payment might not have been made because of the Bank's particular system of arranging the checks for payment when more than one was presented at the same time. The Court expressly declines, because of the pending criminal cases, to find that any of this evidence vitiates proof of fraud or is a defense to the criminal charges.

Other bankruptcy courts have considered this situation. Where it was clear not only from testimony but also from the legislative history of the statute, that criminal prosecution was for the purpose of collecting checks previously dishonored, the prosecution would be enjoined. *In re Taylor*, 16 B.R. 323, 8 B.C.D. 692 (Bkrtcy.Md.1981). Where the evidence showed that the purpose of the criminal prosecution was to enable an unsecured creditor to achieve a priority, that prosecution would be enjoined. *In re Reid*, 9 B.R. 830 (Bkrtcy.M.D. Ala.1981). See also *Matter of Anson*, 9 B.R. 741 (Bkrtcy.W.D.Mo.1981) and *In re Caldwell*, 5 B.R. 740 (Bkrtcy.W.D.Va.1980).

The Court, in *In re Penny*, 414 F.Supp. 1113 (DC W.D.N.C.1976) held that a criminal prosecution could be enjoined if the debt were otherwise dischargeable. In that case, debtor was prosecuted by a private attorney and not by a duly elected or appointed prosecutor. Clearly, the interests of the general citizenry were not represented. This Court declines to conclude that a finding of dischargeability supports a determination that the prosecution may be enjoined.

There is no question but that the facts here create a challenge to the relations between this Court and the courts of the State of Missouri. The Court is troubled especially by the presumption of fraud occasioned by nonpayment where payment, as in the situation here, would be preferential and by the possibility that conviction will result in a requirement that these debts be paid, again creating preferential treatment to some creditors. Such a result justifies an injunction to some courts, see *In re Taylor*, supra, but was not persuasive to another, see *Matter of Davis*, 15 B.R. 442 (Bkrtcy.Del.1981). Under Missouri law, the inability of the prosecutor to rely upon the statutory presumption of fraud because of non-payment does not proscribe a prosecution. *State v. Harden*, 613 S.W.2d 700 (Mo. App.1981).

Debtor does not show that he cannot be given a fair trial or present defenses in the state court proceedings. The evidence as to

**342**

the reasons for the prosecution do not persuade the Court that the state court actions are motivated by policies which contravene the thrust and purpose of the Bankruptcy Code. In the absence of any showing of irreparable injury or the statutory criteria set out in Section 2283 of Title 28, the state court proceedings should be allowed to continue. *Munson v. Gilliam*, 543 F.2d 48 (8th Cir. 1976); *Caldwell v. Camp*, 594 F.2d 705 (8th Cir. 1979).

The parties should understand that this Order Denying Injunctive Relief is not a holding that there was fraud in these transactions or that the debts are not-dischargeable. These issues are, as they relate to the administration of this case, expressly reserved.

This Order constitutes Findings of Fact and Conclusions of Law as required by Rule 752, Rules of Bankruptcy Procedure.