In re Ronald A. RICHARDELLO, d/b/a New Photo & Camera Shoppe, Debtor.

Ronald A. RICHARDELLO, Plaintiff,

v.

Wilmer GARRICK, d/b/a the Camera Center, Defendant.

Bankruptcy No. 4–82–00966–G.
Adv. No. 4–83–0025.

United States Bankruptcy Court,
D. Massachusetts.

March 23, 1983.

Philip J. Hendel, J.D., Hendel, Collins & Stocks, P.C., Springfield, Mass., for plaintiff.

Edwin E. Taipale, Jr., D'Agostine & Levine, P.C., Acton, Mass., Office Of The U.S. Trustee, Worcester, Mass., for defendant.

## MEMORANDUM AND ORDER ON COMPLAINT TO ENJOIN CRIMINAL PROSECUTION

PAUL W. GLENNON, Bankruptcy Judge.

On February 15, 1983, this Court entered an order preliminarily enjoining the defendant, his employees, agents, servants and attorneys from prosecuting or assisting in the prosecution of the debtor for larceny by check pursuant to M.G.L. ch. 266 § 37. At that time, the Court suggested to the parties that the matter of a permanent injunction could be brought properly before the Court by way of affidavits and briefs as the basic facts were not in dispute. The parties agreed and thereafter submitted their affi-

davits and briefs. It is this question the Court is now addressing.

## FACTS

The debtor, and plaintiff in the instant action, Ronald A. Richardello ("Richardello"), was the sole proprietor of the New Photo & Camera Shoppe located in North Adams. He had been purchasing photographic supplies from the defendant, William Garrick ("Garrick"), d/b/a The Camera Center, located in Harvard, for a period of time. More particularly, on August 24, 1982, August 27, 1982 and September 2, 1982, the defendant shipped photographic supplies to the debtor on a C.O.D. basis (as evidenced by copies of receipts attached to Garrick's affidavit). An employee of Richardello, in exchange for said supplies, presented three checks, in the aggregate amount of $2,607.17 to an employee of the United Parcel Service in return for the supplies.[1] When presented for payment, the checks were returned and stamped "insufficient funds." Subsequently, the checks were presented on two separate occasions for payment. Again they were returned for insufficient funds and, on the latter occasion, were marked "do not redeposit."

On October 4, 1982, Garrick, by certified letter, informed Richardello that the checks had not cleared and that unless he tendered payment for the goods, legal proceedings would be instituted. In response, Richardello contacted Garrick and requested additional time to make the checks good. On December 11, 1982, as Garrick had yet to receive payment for the August and September shipments, he again sent a letter to Richardello setting forth his intention to bring charges for larceny by check if he did not receive payment. On December 22, 1982, Richardello filed a Chapter 7 petition. Until Garrick was served with the debtor's complaint for injunctive relief, he had no knowledge of the filing of the Chapter 7 petition. The summons was served on February 1, 1983. The notice of the first meet-

---

1. The debtor has stated that the employee was instructed by him not to draw any checks for which there were no funds available. The Court is not making any finding of fact as to that matter as it is not relevant to the issue before me.

ing of creditors was mailed on February 4, 1983.

About two weeks after the filing of the petition, larceny by check charges under M.G.L. ch. 266 § 37 were brought against Richardello in the Clinton District Court by the Harvard Police Department on behalf of the Commonwealth of Massachusetts.[2] Ten days later, an associate of the attorney representing Richardello spoke with an officer of the Harvard Police Department who stated that the matter could be settled without court intervention if the debtor paid the checks. Richardello did not pay the checks but did instead appear for an arraignment in Clinton on the larceny by check charges. He pled not guilty to these charges. At a pretrial conference on the larceny by check charges held on February 11, 1983, a motion to dismiss for lack of jurisdiction was taken under advisement.

Four days later, this Court held a pre-trial conference on the complaint of Richardello to enjoin criminal prosecution and at that time entered a preliminary injunction pending the filing of briefs and affidavits by the parties.

For the reasons set forth more fully below, I am vacating my order of February 15, 1983.

## DISCUSSION

11 U.S.C. § 362(b)(1) provides:

The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

(1) Under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor . . . .[3]

The legislative history explains this provision as follows:

There are some actions enumerated in the exceptions, that generally should not be stayed automatically upon the commencement of the case, for reasons of either policy or practicality. Thus, the court will have to determine on a case-by-case basis whether a particular action which may be harming the estate should be stayed.

. . . .

. . . The bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from over-extension. Thus, criminal actions and proceedings may proceed in spite of bankruptcy.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 342 (1977) and S.Rep. No. 95–989, 95th Cong., 2d Sess. 51 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5837, 6298–6299.

It seems clear, therefore, that a criminal action is not to be stayed by the bankruptcy court where important public policy considerations justify its continuance. In this respect, a decision allowing a criminal action to proceed or issuing an injunction against its continuance is to be made only after a careful review of the facts. The dual policies underlying the bankruptcy laws, affording equal treatment to similarly situated creditors and providing a fresh start to the debtor, must be balanced against the need for allowing criminal proceedings to proceed unhampered by the filing of a bankruptcy petition.

---

2. M.G.L. ch. 266 § 37 provides:

Whoever, with intent to defraud, makes, draws, utters or delivers any check, draft or order for the payment of money upon any bank or other depositary, with knowledge that the maker or drawer has not sufficient funds or credit at such bank or other depositary for the payment of such instrument, although no express representation is made in reference thereto, shall be guilty of attempted larceny, and if money or property or services are obtained thereby shall be guilty of larceny. As against the maker or drawer thereof, the making, drawing, uttering or delivery of such a check, draft or order, payment of which is refused by drawee, shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds in, or credit with, such bank or other depositary, unless the maker or drawer shall have paid the holder thereof the amount due thereon, together with all costs and protest fees, within two days after receiving notice that such check, draft or order has not been paid by the drawee. The word 'credit', as used herein, shall be construed to mean an arrangement or understanding with the bank or depositary for the payment of such check, draft or order.

3. Richardello's petition was filed under § 301.

A number of cases have considered whether criminal prosecutions against a debtor for passing a bad check may be enjoined by the bankruptcy courts. It is well recognized that the source of the bankruptcy court's power to issue injunctions lies in 11 U.S.C. § 105(a) which provides: [t]he bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. *See, e.g., In re Alan I.W. Frank Corp.,* 19 B.R. 41, 8 B.C.D. 1343 (Bkrtcy.E.D.Pa.1982)

■ Generally, an injunction is issued pursuant to § 105(a) where a finding is made that the criminal proceeding was initiated by a creditor solely to extract an otherwise preferential payment from the debtor. *See, e.g., In re Herman Hassinger, Inc.,* 20 B.R. 517 (Bkrtcy.E.D.Pa.1982); *In re Strassmann,* 18 B.R. 346 (Bkrtcy.E.D.Pa. 1982); *In re Reid,* 9 B.R. 830 (Bkrtcy.M.D. Ala.1981); *In re Taylor,* 16 B.R. 323, 8 B.C.D. 692 (Bkrtcy.D.Md.1981); *In re Lake,* 11 B.R. 202 (Bkrtcy.S.D.Ohio 1981). *Cf. In re Johnson,* 16 B.R. 211, 8 B.C.D. 727 (Bkrtcy.M.D.Fla.1981) and *In re Caldwell,* 5 B.R. 740, 6 B.C.D. 892 (Bkrtcy.W.D.Va. 1980).

■ On the other hand, where a criminal proceeding is instituted to further a public policy and thereby protect the public welfare, this Court, as do other courts, believes that the action should and must continue, regardless of the filing of a bankruptcy petition. Otherwise, an absurd paradox would result, i.e., one who has engaged in criminal conduct could escape criminal punishment by the mere filing of a bankruptcy petition. Such an individual would be aided by the fact that the Bankruptcy Code does not require insolvency for an order for relief to be entered.[4] "A thief cannot escape criminal sanctions by filing bankruptcy and listing his victim on his schedules of unsecured creditors." *In re C.H. Stuart, Inc.,* 12 B.R. 85, 86, 7 B.C.D. 1013, 1013 (Bkrtcy.W.D.N.Y.1981). *See also In re Button,* 8 B.R. 692, 694, 7 B.C.D. 307, 308 (Bkrtcy.W.D.N.Y.1981) ("Bankruptcy

Code [not intended] to relieve debtors of criminal responsibilities"). Therefore, where a criminal conviction is pursued with the intent to promote the public welfare, a bankruptcy court should not interfere but should instead allow the prosecution to continue unabated. *See, e.g., In re Davis,* 691 F.2d 176, 9 B.C.D. 1048 (3d Cir.1982); *In re Taylor, supra;* and *In re Caldwell, supra.*

■ Richardello argues that because the Harvard Police officer offered to discontinue the legal proceedings if the debtor made good the checks, it can be inferred that the action was instituted merely to collect a debt. I do not agree. As stated in *In re Wagner,* 18 B.R. 339, 8 B.C.D. 1065 (Bkrtcy. W.D.Mo.1982):

> It is true that the debtor was offered an opportunity to pay and avoid prosecution. It is also true that the various complainants would like their money. But neither the opportunity to repay nor the motives of the complainant controls the motives of the prosecutor who protects the interests of the citizenry generally.

*Id.* at 340, 1066. *See also In re Davis, supra,* at 179, 1051 ("the intentions of the complaining witnesses are not controlling in judging the good faith of a criminal prosecution"). Furthermore, under M.G.L. ch. 266 § 37, restitution is specifically provided as a means of negating the intent to defraud necessary for a conviction under the statute. Accordingly, an offer to drop the charges or discontinue the legal proceedings in return for full payment does not indicate that the proceeding was brought solely to collect a debt. *Cf. In re Taylor, supra.* The statute was enacted to protect commercial transactions and to this end, the criminal proceedings must continue.

■ Richardello argues that the continuance of the criminal proceeding will disrupt the orderly liquidation of his estate. This he has not proven. He further alleges that as he has not been granted his discharge, the proceeding should be enjoined. In part, I agree. If this Court were to allow the

---

4. The Court recognizes that there is a possibility that if this were to happen, the petition might be subject to attack on bad faith grounds.

criminal prosecution to continue and the creditor were allowed to collect on his debt, the policy of equal treatment of creditors might be undermined. Only the bankruptcy court has the authority to grant a debtor his discharge and rule on the dischargeability of individual debts. Therefore, I hold that the criminal proceeding may continue, but the creditor may not seek to collect this debt absent a finding of its nondischargeability by the bankruptcy court. This memorandum and order in no way passes on the dischargeability of the debt in question.

In accordance with the above, the preliminary injunction entered on February 15, 1983, is hereby VACATED and the creditor, his employees, agents, servants and attorneys may prosecute and assist in the prosecution of the debtor for larceny by check pursuant to M.G.L. ch. 266 § 37. However, the creditor may not collect any monetary judgment from the debtor if the Clinton District Court orders restitution, unless and until this Court declares the debt to be nondischargeable.

SO ORDERED.