In re Benjamin **FARRELL**, Jr., Debtor.

Benjamin **FARRELL**, Jr.,
Plaintiff-Appellee,

v.

Thomas **SHRIVER**, District Attorney General, Defendant-Appellant,

and

**D.E.T. Distributing Co.**, Defendant.

Civ. A. No. 3:82–3690.
Bankruptcy No. 381–02727.
Adv. No. 382–0147.

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 28, 1984.

**116**

---

## MEMORANDUM

MORTON, Senior District Judge.

This matter is before the court by virtue of an appeal from the judgment of the Bankruptcy Court enjoining the District Attorney General of Davidson County, Tennessee, from proceeding in a criminal prosecution commenced by a grand jury indictment alleging that Benjamin Farrell, Jr., violated the provisions of Tenn. Code Ann. § 39–1959.

The underlying facts are that the plaintiff Benjamin Farrell, Jr., issued two checks drawn on the account of Woodbine Food Market, owned by him, one dated April 29, 1981, in the amount of $189.47, and one dated May 6, 1981, in the amount of $125.52, payable to Harold Welch, an employee of D.E.T. Distributing Company for the purchase of a quantity of beer. The checks were dishonored by the drawee bank, Commerce Union Bank, for the rea-

son that the account on which the checks were drawn had insufficient funds to make payment.

On August 17, 1981, eleven days before debtor filed his bankruptcy petition, two arrest warrants were issued by the Metro General Sessions Court of Davidson County, at the request of D.E.T. Distributing Company, charging the plaintiff with two violations of T.C.A. § 39–1959. On August 28, 1981, Farrell filed a petition in Bankruptcy Court, seeking, among other things, the discharge of the two above-mentioned debts to D.E.T. Distributing Company. A discharge was entered on January 5, 1982, and D.E.T. did not file an objection to the entry of the plaintiff's discharge nor did D.E.T. Distributing Company file any objection to its claims against the plaintiff being included in the order of discharge.

On January 29, 1982, the Davidson County grand jury indicted plaintiff on two counts of violating T.C.A. § 39–1959 involving the checks written to D.E.T. on April 29, 1981, and May 6, 1981. Farrell testified that neither the District Attorney General nor D.E.T. had offered to drop the charges against him in exchange for restitution.

At no time did the District Attorney General nor the Assistant District Attorney General in charge of the prosecution discuss the possibility of dismissing the prosecution in exchange for restitution; and no offers of restitution were made. The Assistant District Attorney General said he had no present intention to negotiate a dismissal of the charges in exchange for restitution. He testified that dismissal of the charges would be particularly inappropriate in light of the plaintiff's prior record which included two felony convictions. The Assistant District Attorney General also testified that the prosecution was brought to enforce the criminal laws of the State of Tennessee and not for the purpose of collecting money. He insists the State of Tennessee, not D.E.T. Distributing Co., is the prosecutor in the criminal proceeding and the State makes the determination of whether or not to prosecute.

After the testimony in question, the Bankruptcy Court found that neither Shriver nor D.E.T. Distributing Company acted in bad faith in prosecuting the plaintiff, and the court specifically acredited the testimony of the Assistant District Attorney General that the prosecution was brought to enforce the criminal laws of the State of Tennessee and not for the purpose of collecting money owed by the plaintiff to D.E.T. Distributing Company. However, the Bankruptcy Court still enjoined the criminal prosecution of Farrell.

There are many types of crimes which have been defined and established by the legislature of the State of Tennessee, including but not limited to rape, murder, obtaining property under false pretenses, etc. The fresh start which Congress has provided under the Bankruptcy Act means a financial fresh start and not a freedom to violate the criminal laws of the State of Tennessee, seek a discharge in bankruptcy and cry immunity. Obtaining money or property under false pretenses is an old statute in the State of Tennessee and by reason of the fact that many prosecutions in check cases could ensue, an escape provision was made so that the violator could, prior to prosecution, escape the penalties of the law by payment or restitution. However, once the criminal prosecution has begun, it is a crime to attempt to settle a criminal prosecution by the payment of a civil debt, unless specifically authorized by the District Attorney of the State of Tennessee. The public has an interest in every good faith criminal prosecution and particularly where said prosecution is evidenced by a grand jury indictment. This interest is of such a magnitude that it overrides the possibility that a bankruptcy court can act as a haven for criminals. While it is true that 11 U.S.C. § 105(a) may vest the bankruptcy court with the power to enjoin a criminal prosecution under some instances, it clearly does not give a bankruptcy judge the right to ignore the teachings of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The teaching of that case is that the federal court should never enjoin a state criminal prosecution except under extraordinary circumstances where there is a great and immediate danger to rights of a defendant that cannot be eliminated by his defense against a single criminal prosecution.

Here the purpose of the discharge in bankruptcy is to give the bankrupt financial freedom, not freedom from criminal prosecution. Thus the Bankruptcy Court, when it enjoined the District Attorney, abused its discretion to the extent that it enjoined a good faith criminal prosecution. It would have been sufficient if the District Attorney General and D.E.T. Distributing Company had been enjoined from seeking restitution or engaging in any negotiations to effect restitution. In other words, the purpose of the Bankruptcy Act would have been served by enjoining the District Attorney General and D.E.T. from in any way trying to collect the discharged debt through criminal prosecution. This they are and will be enjoined from doing. However, as to the criminal prosecution, the injunction will be modified, and Thomas Shriver, the District Attorney General, will be permitted to perform the duties for which he has been elected by the taxpayers.

An order will be entered affirming in part and reversing in part the decision of the Bankruptcy Judge.