**In re Peter Lawrence KLAWSON, Jr., d/b/a Klawson Graphics, Debtor.**

**Fred R. JOHNS, Prosecuting Attorney of the 72nd Judicial Circuit, Marshall County, State of Indiana, Appellant/Defendant,**

v.

**Peter Lawrence KLAWSON, Jr., Appellee/Plaintiff.**

No. S 85–32.

United States District Court,
N.D. Indiana,
South Bend Division.

July 2, 1985.

777

Tedd E. Mishler, Michigan City, Ind., for appellee/plaintiff.

Linley E. Pearson, Atty. Gen., of Indiana, David Michael Wallman, Deputy Atty. Gen., Indianapolis, Ind., for appellant/defendant.

ALLEN SHARP, Chief Judge.

## MEMORANDUM AND ORDER

The issue raised on this appeal from the Bankruptcy Court is whether that court erred in enjoining a state court criminal prosecution.[1] In its order of December 14, 1984, the United States Bankruptcy Court enjoined Appellant/Defendant, Fred R. Jones, Prosecuting Attorney of the 72nd Judicial Circuit and Archie McLiver d/b/a Town and Country Press from proceeding with a criminal prosecution against Plaintiff/Appellee for check deception under I.C. 35–43–5–5. Only the prosecutor is appealing the order in this case. After careful review, this court finds that the Bankruptcy Court erred in issuing the injunction.

Federal Rule of Bankruptcy Procedure 8013 governs the district court's authority to review the decision of the bankruptcy court. That rule provides that the district court is bound to accept the bankruptcy court's findings of fact unless they are clearly erroneous. However, this court is not so restricted in reviewing the bankruptcy court's interpretations of law. *Matter of Evanston Motor Co., Inc.,* 735 F.2d 1029 (7th Cir.1984); *In the Matter of Neis,* 723 F.2d 584 (7th Cir.1983); Fed.R.Bankr.P. 8013. A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

█ Section 105(a) of the Bankruptcy Code, 11 U.S.C. § 105(a), is an expressly authorized exception to the Anti-Injunction Act, 28 U.S.C. § 2283, which restricts a federal court's power under most circumstances from enjoining state proceedings. Therefore, under proper circumstances, a bankruptcy court may issue an injunction to prevent a state prosecution. In determining whether a case presents "proper

---

1. In its Order of December 14, 1984, the Bankruptcy Court also addressed the issue of whether the automatic stay imposed by 11 U.S.C. § 362 had been violated. That issue, however, was not raised on appeal.

circumstances" for the issuance of an injunction, against a state criminal prosecution by a federal court, the federal court must consider traditional principles of equity and comity. *Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Matter of Davis,* 691 F.2d 176, 178 (3d Cir.1982); *see also O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

■ In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court of the United States discussed at length the principles of equity and comity. In its discussion of equity, the *Younger* Court stated that it is a "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43–44, 91 S.Ct. at 750. With respect to irreparable harm, the Court held that the moving party must show that great, immediate and irreparable harm will occur without federal interference and that the threat to a federally protected right must be a threat that cannot be eliminated through a defense in the state proceeding. *Id.* at 46, 91 S.Ct. at 751. Further, the Court noted that the cost, anxiety and inconvenience of having to defend a state criminal proceeding would not constitute irreparable harm within the meaning of its holding. *Id.* With respect to comity, the *Younger* Court stated that a federal court must consider "the notion of 'comity'; that is, a proper respect for state functions, a recognition of the fact that the entire nation is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the states and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44, 91 S.Ct. at 750. This principle, that federal courts should not interfere with state criminal proceedings absent extraordinary circumstances has long been a recognized doctrine strictly applied by the federal courts. *See, e.g., Fenner v. Boykin,* 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927 (1926); *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Further, the doctrine has been applied whether a criminal prosecution is pending, *see Younger v. Harris, supra,* or whether criminal proceedings are threatened but not yet instituted. *See Fenner v. Boykin, supra.* Thus, in most instances, the accused should first set up and rely upon his defense in the state courts unless it plainly appears that this course would not provide adequate protection. *Fenner v. Boykin,* 271 U.S. at 243–44, 46 S.Ct. at 493; *see Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). With respect to this issue, the federal court must presume that a state court will not disregard the obligations imposed on them by the federal Constitution. Cf. *Kugler v. Helfant,* 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975).

■ The above principles apply with equal force to a bankruptcy court when faced with a request to enjoin a state criminal prosecution. *See, e.g., Matter of Davis,* 691 F.2d 176 (3d Cir.1982); *Barnette v. Evans,* 673 F.2d 1250 (11th Cir.1982); *In re Farrell,* 43 B.R. 115, 12 B.C.D. 403 (M.D. Tenn.1984); *Matter of Tenpins Bowling, Ltd.,* 32 B.R. 474 (Bankr.M.D.Ga.1983). However, in the bankruptcy setting there are strong policy considerations embodied in the philosophy underlying the Bankruptcy Code, which is buttressed by the Supremacy Clause of the Constitution of the United States, that conflict with the concepts of comity and federalism. *See, e.g., In Re Redenbaugh,* 37 B.R. 383, 385–86 (Bankr.C.D.Ill.1984). Thus, the dual policies underlying the bankruptcy laws, affording equal treatment to similarly situated creditors and providing a fresh start to the debtor, must be balanced against the need for allowing criminal proceedings to proceed unhampered by the filing of a bankruptcy petition. *See, e.g., In re Richardello,* 28 B.R. 344 (Bankr.D.Mass. 1983); *In re Whitaker,* 16 B.R. 917 (Bankr. M.D.Tenn.1982).

■ Some courts which have considered the issue of enjoining a state criminal prosecution have focused on the principal motivation of the creditor, i.e. were the criminal charges instituted to collect a debt rather than for punishment or a sense of public duty. *See, e.g., Matter of Ohio Waste Services, Inc.,* 23 B.R. 59, 7 C.B.C.2d 401 (Bankr.S.D.Ohio 1982); *In re Holder,* 26 B.R. 789 (Bankr.M.D.Tenn.1982); *In re Whitaker,* 16 B.R. 917 (Bankr.M.D.Tenn. 1982); *In re Taylor,* 16 B.R. 323 (Bankr.D. Md.1981). Other courts have focused on the issue of whether the state criminal proceeding was brought in bad faith. *See, e.g., Matter of Davis,* 691 F.2d 176 (3d Cir.1982); *Barnette v. Evans,* 673 F.2d 1250 (11th Cir.1982); *Matter of Tenpins Bowling, Ltd.,* 32 B.R. 474 (Bankr.M.D.Ga. 1983). This court finds that the "bad faith" test reflects a better balancing of the conflicting interests between the bankruptcy laws and principles of equity, comity and federalism in this situation. The state has a legitimate interest in protecting its citizens against the issuance of bad checks. The state, by prosecuting the criminal actions on behalf of all the citizens of the State of Indiana is protecting the integrity of commercial actions within the state. Thus, the debtor/appellee in this case must show that the prosecution against him was brought in bad faith.

■ The debtor/appellee has failed to make the required showing in this case. He has not shown that the prosecuting attorney had any reason to doubt the validity of the charges, that he failed to exercise independent judgment in instituting or continuing the prosecution, or that the complaining witness had insufficient evidence to support his allegation. *Cf. Matter of Davis,* 691 F.2d at 179. The Bankruptcy Court found that the creditor's intention in contacting the prosecutor's office was to collect the debt owing to him. However, the intentions of the complaining witness is not controlling in judging the good faith of the criminal prosecution. *Matter of Davis,* 691 F.2d at 179; *Matter of Tenpins Bowling, Ltd.,* 32 B.R. at 481. Further, even if the prosecution was for debt collection, a bankruptcy court should not enjoin the state criminal prosecution if the debtor could adequately raise the debt collection defense in the state proceeding. *See In re Davis,* 691 F.2d at 179; *Barnette v. Evans,* 673 F.2d at 1252. In this case, Klawson has not shown that he could not raise that defense in the state court.[2]

Closely related to this issue is the question of whether restitution in the state criminal proceeding is appropriate, considering the bankruptcy provisions with respect to collection of debt. 11 U.S.C. § 562. Many courts faced with the restitution issue have held that the criminal prosecution should not be enjoined but that the creditor should be enjoined from accepting any form of restitution from the state court. *See, e.g., In re Redenbaugh,* 37 B.R. 383, 386 (Bankr.C.D.Ill.1984); *In re Farrell,* 43 B.R. 115, 12 B.C.D. 403, 404 (M.D.Tenn.1984); *In re Barnett,* 15 B.R. 504 (Bankr.D.Kan.1981). Although this appears to be an equitable resolution of the problem, it presupposes that a state court will disregard the obligations imposed on it by the Supremacy Clause of the Constitution of the United States. However, this court need not address that issue here since the Bankruptcy Court enjoined the entire prosecution.

For the foregoing reasons, the order of the Bankruptcy Court is REVERSED and the injunction is dissolved. SO ORDERED.

---

2. The Bankruptcy Court found that the debtor, the debtor's plan and the debtor's creditors would suffer irreparable harm if the criminal prosecution continued. This finding is based on the debtor's allegation that he is operating on a very strict budget and that the cost of defending the state criminal prosecution would cause irreparable injury to himself and the other creditors he would repay under the plan. The Supreme Court of the United States in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) held that the cost, anxiety and inconvenience of defending a state criminal prosecution did not constitute irreparable harm. Accordingly, the findings of the Bankruptcy Court with respect to irreparable harm are clearly erroneous.