In the Matter of Mickey Marion BUTLER, Mary Josephine Butler, d/b/a Butler Package Liquor, Debtors.

ST. JOSEPH WHOLESALE LIQUOR CO., Claimant-Appellee,

v.

Mickey Marion BUTLER and Mary Josephine Butler, Respondent-Appellants.

No. 85–0029–CV–W–8.

United States District Court, W.D. Missouri, W.D.

Nov. 4, 1985.

Maurice B. Soltz, Soltz & Shankland, A.P.C., Kansas City, Mo., for debtors-appellants.

Bill Connely, pro se.

## MEMORANDUM OPINION AND ORDER

STEVENS, District Judge.

Debtors Mickey Marion Butler and Mary Josephine Butler (hereinafter debtors) appeal from an order of the Bankruptcy Court, Western District of Missouri entered on October 12, 1984, in No. 84–02040–W–13, 45 B.R. 46. The bankruptcy court denied debtors' petition for rehearing on November 14, 1984.

There are two issues on appeal. The first issue is whether the bankruptcy court erred in holding that the creditor, St. Joseph Wholesale Liquor Co. (hereinafter creditor), had not violated the automatic stay imposed by 11 U.S.C. § 362 by initiating criminal proceedings against the debtors after being ordered by the bankruptcy court not to commence any such suits. The second issue is whether the bankruptcy court erred in allowing creditor to be paid in full on a prepetition unsecured claim for $210.68 even though that claim was classified to receive only ten percent under the approved debtors' plan.

A federal district court may not set aside the factual findings of a federal bankruptcy court unless they are clearly erroneous. *See* Bankr. Rule 8013, 11 U.S.C.A. Even under the high standard imposed by the federal bankruptcy rules, this court is firmly convinced that in this instance the bankruptcy court has erred. *See First National Bank of Clinton v. Julian*, 383 F.2d 329, 333 (8th Cir.1967).

■ To determine whether a state criminal prosecution may be set aside as a violation of the automatic stay of the federal bankruptcy laws, the court must inquire whether the state criminal action was initiated for the purpose of collecting the debt. If that was the case, the state criminal prosecution is violative of the automatic stay. *See e.g., In re DeLay*, 48 B.R. 282, 285 (W.D.Mo.1984).

The bankruptcy court in the case at hand relied in part on the court's decision in *In re Wagner*, 18 B.R. 339 (Bkrptcy W.D.Mo.

1982). In *Wagner*, the bankruptcy court held that the debtor was not entitled to an injunction of then-pending state criminal suits because the debtor had failed to prove that these prosecutions had the purpose of collecting the debt. *Id.* at 340.

■ Unlike the facts of *Wagner*, the factual situation in the case at bar is a clear case of a criminal prosecution as a guise for a collection effort. Under cross-examination, the creditor's general manager, Mr. Bill Connely, stated in three separate responses that his sole intention in instituting the state criminal prosecution was to recover his money and not to put the debtors in jail. *See Transcript of Proceedings*, pp. 12, 13. Furthermore, the county prosecutor dropped the criminal prosecution after the debtors paid the creditor. Even with this evidence and testimony in the record, the bankruptcy judge found that "[t]here is really no evidence in this case, however, that the state court prosecution was merely a pretext for collecting the amount of the insufficient funds check." *Findings of Fact, Conclusions of Law, and Order*, October 12, 1984, pp. 2–3. This finding by the bankruptcy court is clearly erroneous.

■ In this case, the debtors do not seek a specific remedy. The debtors did not seek an injunction of the state criminal action. They have already repaid the amount of the insufficient funds check. Therefore, there is little relief that this court can order. Ordinarily, the court would seek to place the creditor back into the position it would be in had it properly adhered to the automatic stay and order of the bankruptcy court. In this manner, the court could assure that those creditors who violate the automatic stay are not rewarded by full payment before those creditors that abide by the stay order. In this case, however, because the debtors have already repaid the creditor in full and because this debt is scheduled for full repayment in the bankruptcy plan, it would be fruitless to order that the creditor refund the payment only to be repaid according to the bankruptcy court's original schedule. The court, however, does find that a proper

remedy is to order that the creditor pay the debtors' costs incurred by this appeal.

The second issue on appeal is whether the bankruptcy court erred in ordering the creditor to be paid in full on a prepetition unsecured claim for $210.68 even though the plan classified this debt to be paid at ten percent.

In finding that the debt of $210.68, which was incurred twenty-five days before the bankruptcy petition was filed, was nondischargeable, the bankruptcy court relied upon the statutory exceptions to dischargeability for fraud enumerated in 11 U.S.C. § 523(a)(2) and *In re Whitman*, 692 F.2d 427 (6th Cir.1982). This court agrees with appellant-debtors that *Whitman* is not dispositive of the question of the dischargeability of this creditor's claim. *Whitman* dealt with the confirmation of a plan under both Chapter 7 and Chapter 13 and did not reach the question presented here which is the dischargeability of an unsecured claim under Chapter 13.

■ Apparently, the bankruptcy court found that this unsecured claim was not dischargeable, even though it was scheduled for repayment under the debtors' plan, because it was incurred twenty-five days before bankruptcy and thus created an inference of fraud or false pretense. *See* 11 U.S.C. § 523(a)(2). However, this court finds that the proper Eighth Circuit approach to the dischargeability of claims under Chapter 13, 11 U.S.C. § 1328, is that "[c]hapter 13 allows a discharge from *all* debts scheduled under the plan *except* alimony, child support and certain long term obligations." *In re Estus*, 695 F.2d 311, 314 n. 5 (8th Cir.1982) (emphasis added). Thus, the court finds that those exceptions to dischargeability enumerated in 11 U.S.C. § 523(a)(2) do not apply to a debtor's plan under Chapter 13. *See also Johnson v. Edinboro State College*, 728 F.2d 163, 166 n. 4 (3rd Cir.1984); *In re Gregory*, 705 F.2d 1118, 1120 n. 2 (9th Cir.1983).

■ Therefore, the bankruptcy court erred both in determining that the $210.68 debt was nondischargeable and in ordering that the creditor was entitled to be paid 100 percent of the $210.68 claim. The creditor should refund to the debtor any amount the creditor has received in excess of ten percent of $210.68.

Accordingly, it is

ORDERED that the October 12, 1984, order of the bankruptcy court is reversed and remanded for proceedings consistent with this order. Specifically, the bankruptcy court erred in finding that the creditor, St. Joseph Wholesale Liquor Co., had not violated the automatic stay of 11 U.S.C. § 362. It is further

ORDERED that the creditor, St. Joseph Wholesale Liquor Co., shall pay the costs incurred by the debtors by this appeal. It is further

ORDERED that the bankruptcy court order of October 12, 1984, allowing the creditor to receive 100 percent repayment of the $210.68 debt is reversed and remanded to the bankruptcy court for proceedings consistent with this order. Specifically, the bankruptcy court is directed to order the creditor to refund any amount that the creditor has received over ten percent of $210.68. Thus, the creditor may retain only the $21.07 that it would have received under the approved debtors' plan.