**In re Larry Chester JENNINGS, Jennings Automotive, Inc., Barbara Ann Cox, Debtors.**

**Bankruptcy Nos. 89–20004–C, 89–20091–C and 89–20223–C.**

United States Bankruptcy Court, W.D. Missouri, C.D.

June 28, 1989.

Norman W. Lampton, Columbia, Mo., for debtors.

Robert R. Sterner, Asst. Pros. Atty., Columbia, Mo., for Boone County Pros. Atty.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

The debtors in these two otherwise unrelated cases, both ran afoul of the policies of the Boone County Prosecuting Attorney in regards to unpaid checks and unpaid for (or unreturned) leased personal property. Within their respective bankruptcy cases, each sought to restrain the aforesaid duly elected official, claiming that 11 U.S.C. § 362 stayed any action by said official to prosecute them for alleged violations of Mo.R.S. § 570.120 as to debtor Jennings and Mo.R.S. § 578.150 as to debtor Cox.

The facts are disputed on neither side, only the interpretation of those facts and the applicable law is at issue. Very briefly, debtor Jennings issued a check for $709.03 to a company called Engine Connection prior to filing his bankruptcy. Said check was dishonored by the bank on which it was drawn, also prior to filing. Debtor Cox had leased an appliance from Crown Home Center, prefiling, and had become delinquent on the payments on the 18 month lease and neglected to surrender the appliance upon demand, also prepetition.

The Prosecuting Attorney, Mr. Joe Moseley, has established procedures within his office to handle citizen complaints concerning dishonored checks issued in Boone County and citizen complaints concerning leased personal property where the lessee fails or refuses to make the agreed payments and also fails or refuses to return said property to the owner. The aggrieved party fills out an information sheet, which is quite detailed and which screens out postdated, stale, or checks on which identification of the issuer by a specific individual cannot be verified. If it appears that all the prerequisites are present, either a letter to the issuer is sent or a formal complaint filed. The determining factor is whether the issuer has a previous record of similar complaints. The letter requires payment of the check or explanation of why further action should not be taken. If payment is made, no further action is taken. If explanation is made, the alleged reason for nonpayment (e.g. garnishment of the account, levy by the I.R.S., etc.) is checked out and, if verified, no further action taken.

If neither payment nor appropriate explanation is forthcoming, a formal complaint is filed, a warrant issued, and the regular criminal procedure followed. If the issuer of the item has a previous record of similar conduct, no letter is sent, and a formal complaint is filed. In either procedure, once a formal complaint is filed, payment of the item does not halt the criminal process. However, it apparently may affect the penalty imposed by the state court judge in that frequently restitution is ordered as part of the sentence upon conviction or a guilty plea where payment has not been made. The evidence was uncontroverted that once the complaint was filed,

payment did not result in automatic dismissal of the criminal charges under Mo.R.S. § 570.120.

A somewhat similar practice was followed by the Prosecuting Attorney's Office in regard to personal property that was leased on a long term basis and where the complaining citizen claimed failure of payments and refusal or failure to surrender the leased personalty. The original citizen complaint form required the complainant to state the *wholesale value* of the property along with substantial other details as to available witnesses, efforts to retrieve the property, etc. Once so lodged, a similar letter, but attuned to Mo.R.S. § 578.150, was sent and a formal complaint filed only after failure to pay, return of the property, or explain the problem was encountered. Debtor Cox had entered into an 18 month lease with Crown Home Center for use of appliances and was delinquent some $198.00 and had allegedly refused to return the personalty when the company made the complaint to the Prosecuting Attorney. Again the evidence was that once a formal complaint was filed, neither payment nor return of the leased personalty caused an automatic dismissal of the criminal charges although it frequently might have an effect upon the sentence imposed.

Based on these facts, the debtors sought to enjoin criminal prosecutions by the Boone County Prosecuting Attorney. Debtors characterize the criminal prosecutions as debt collection efforts. The Prosecuting Attorney contends that the entire process is merely an exercise in prosecutorial discretion and pre-prosecution diversion. The general issue has been ruled a number of times by the Bankruptcy Court in this district (with varying results) but it seems to the Court that the landmark case in this district is *Matter of Butler*, 74 B.R. 106 (W.D.Mo.1985) wherein District Judge Joseph Stevens reviewed the previous decisions in *In re DeLay*, 48 B.R. 282 (W.D.Mo. 1984) and *In re Wagner*, 18 B.R. 339 (Bkrtcy.W.D.Mo.1982). In that case, Judge Stevens said:

"To determine whether a state criminal prosecution may be set aside as a violation of the automatic stay of the federal bankruptcy laws, the court must inquire whether the state criminal action was initiated for the purpose of collecting the debt. If that was the case, the state criminal prosecution is violative of the automatic stay." *l.c.* at 107.

It seems to this author that this creates a clear directive as to the controlling factors. While it is clear that the original citizen complaint filed with the prosecuting attorney's office is motivated by a desire to receive reimbursement for the dishonored check or to receive the money or the property on the unpaid for or unreturned personal property, the actual filing of the criminal complaint moves the procedure from one plane to a different plane.

Last year some 11,000 checks were processed by Mr. Moseley's office. A staggering figure, until one realizes that over 20,-000 students attend colleges in the county. Several hundred prosecutions resulted and there was no evidence but that once filed, each case was prosecuted to conviction, acquittal or plea bargain whether restitution was made or not. In other words, once the sheep were separated from the goats, the goats found out that while the law may seem ponderous and slow, it is inexorable once excited into motion.

11 U.S.C. § 362 is extremely broad and prohibits almost any activity against the debtor and his property. However, it is not a panacea for all that ails the debtor and Congress specifically exempted from its bar:

"the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." 11 U.S.C. § 362(b)(4).

Thus the problem becomes one of determining whether the actions taken by the Prosecuting Attorney were an exercise of the police power of the State of Missouri in the County of Boone or whether said actions were a thinly (or cleverly) devised scheme to force payment of otherwise uncollectible debts forgiven by the mystic plunge into bankruptcy's water of absolution.

■ This Court after considering the mechanism and procedure which the Prosecuting Attorney has set up and after hearing the evidence as to how that system operates, finds that Mr. Moseley was indeed "enforcing such governmental unit's police or regulatory power." The Court further finds that while Mr. Moseley's system might sometimes have the effect of coercing payment from a party in bankruptcy, it was designed actually to make painful the violation of the laws of the Sovereign State of Missouri, a purpose for which Mr. Moseley must be commended. The power of the Bankruptcy Court to interfere in state court matters is broad and indeed awesome, but that power must be constrained to what Congress intended when it enacted the Bankruptcy Reform Act of 1978, as amended. The mere fact that the effect of the use of a valid exercise of the state's police power may run contra to the effect of the Bankruptcy Act does not automatically vest this Court with the right to override such state criminal prosecution.

The Motions of debtors to restrain Joe Moseley, Prosecuting Attorney of Boone County, Missouri, are DENIED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.

SO ORDERED.