PER CURIAM:
 

 Troxler Hosiery Company, Inc., was convicted of criminal contempt
 
 [1]
 
 and fined $80,-000 plus costs
 
 [2]
 
 for removing previously
 
 *724
 
 seized hazardous sleepwear and contracting for its sale in a foreign country and for falsifying company records to conceal its actions. Troxler was given twelve months to pay the fine, but on November 3,1982, it filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The government filed proof of a secured claim in the amount of the fine and costs, no part of which has been paid. Later, the government filed an adversary proceeding complaint in bankruptcy seeking a declaratory judgment that the automatic stay did not apply to its attempts to collect the criminal fine. In March 1984, the bankruptcy proceeding was converted to a Chapter 7 liquidation.
 

 The bankruptcy court ruled as a matter of law that the automatic stay applied to the government’s efforts to collect a contempt fine. On appeal to the United States District Court for the Middle District of North Carolina, the order of the bankruptcy court was reversed. The district judge found that the automatic stay of 11 U.S.C. § 362 (1982 & Supp. II 1984) did not apply to the collection of the fine and costs for criminal contempt and that such fine survived the bankruptcy.
 

 Troxler appealed, and the government filed a motion to supplement the record on appeal to include portions of depositions of Robert Andrew Troxler, Sr., and Robert Andrew Troxler, Jr. We conclude that the information contained in the supplement is not necessary to a decision in this case, and we deny the motion.
 

 We adopt the excellent opinion of Chief Judge Hiram H. Ward filed July 28, 1984, 41 B.R. 457, and we affirm.
 

 AFFIRMED.
 

 [1]
 

 .
 
 United States v. Troxler Hosiery Co.,
 
 672 F.2d 365 (4th Cir.1982).
 

 [2]
 

 .
 
 United States v. Troxler Hosiery Co.,
 
 681 F.2d 934 (4th Cir.1982).