**In re Cheri Ann SMITH.**

**Bankruptcy No. 91–16250 S.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

Sept. 4, 1992.

**298**

Jack W. Dickerson, Hot Springs, Ark., for debtor.

Ben F. Arnold, Little Rock, Ark., for Michael Douglas.

## ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS AMENDED MOTION FOR CERTIFICATE OF CONTEMPT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Response to Amended Motion for Certificate of Contempt, filed by Michael Douglas on August 11, 1992. The response contains a motion to dismiss the amended motion for certificate of contempt. The debtor has filed a brief in support of her motion for contempt and injunctive relief.

This contested matter was initially filed on March 31, 1992, against Michael Douglas, the complaining witness in a criminal prosecution against the debtor. In response to a motion to dismiss filed by Douglas, the debtor amended her motion. The amended motion for contempt, filed on June 23, 1992, is the pleading at-issue. The debtor asserts that Douglas, the impetus·in the prosecution of a criminal action against her, is acting in bad faith and, therefore, is in violation of the automatic stay such that he should be held in contempt. The debtor also seeks injunctive relief in the form of an order restraining Douglas from pursuing the criminal action.

■ Douglas has filed a motion to dismiss the motion for contempt on numerous grounds, the most meritorious of which is the failure to state a claim for which relief can be granted.[1] The motion to dismiss asserts that since the matter being prosecuted against the debtor is criminal in nature, the matter is excepted from the application of the automatic stay. The automatic stay being inapplicable, a motion for contempt asserting violation of the stay fails to state a claim for which relief can be granted.

In deciding a Motion to Dismiss, the Court must take all of the allegations of the complaint as true. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A cause should not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1957). Dismissal is proper when a complaint clearly shows a plaintiff cannot recover under any circumstances. *Bramlet v. Wilson*, 495 F.2d 714 (8th Cir.1974). The law is clear that Rule 8, Federal Rules of

---

**1.** Douglas also asserts that the motion should be dismissed for failure to join indispensable parties. Specifically, Douglas asserts that, at a minimum, the prosecuting attorney should be made a party to this action. The municipal judge, the prosecuting attorney, and the arresting officer are immune from damage suits for actions taken within the bounds of their respective offices. *See Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Briscoe v. La Hue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Mullen v. Galati*, 843 F.2d 293 (8th Cir. 1988); *Cook v. Williams*, 651 F.Supp. 350 (E.D.Ark.), *aff'd*, 822 F.2d 1093 (8th Cir.1987); *Clark v. Campbell*, 514 F.Supp. 1300 (W.D.Ark. 1981); *Orlando v. Wizel*, 443 F.Supp. 744 (W.D.Ark.1978). This rule holds true even where the action seeks damages for violation of the automatic stay. *Coates v. Peachtree Apartments (In re Coates)*, 108 B.R. 823 (Bankr. M.D.Ga.1989).

Thus, the court and prosecutorial personnel are immune from any claim for contempt or damages. The prosecuting attorney may be an appropriate party with respect to the injunctive action filed by the debtor. Indeed, were an injunction to issue in this case, that injunction would only be applicable as to the complaining witness. Since the prosecutor has not been joined, the Order would not prohibit the prosecutor from continuing the action.

The fact that the prosecutor is not a party, however, does not require dismissal. The prosecutor is not indispensable. The allegations of the complaint clearly assert that the moving force in the criminal action is the creditor Douglas. Further, the Court will not entertain any argument that the state court or its personnel are proper, much less necessary, parties.

Civil Procedure, is to be liberally construed and motions to dismiss are disfavored.

On or about April 18, 1991, a warrant was issued for the arrest of Cheri Ann Smith, the debtor in this action. The warrant was based upon an affidavit signed by Michael Douglas, which asserted that Smith stole a vehicle belonging to Douglas. On July 17, 1991, the debtor filed a voluntary chapter 13 petition in bankruptcy. The prosecution of the criminal action continued against the debtor, whereupon the debtor requested that this Court hold Douglas, the complaining witness, in contempt of court for violating the automatic stay in bankruptcy and that Douglas be enjoined from further actions in pursuit of the prosecution.

The threshold issue for this Court is whether the complaint states a cause of action for damages for violation of the automatic stay where the complaining witness in the criminal prosecution is acting in bad faith.[2] That is, assuming that the criminal action is being prosecuted in bad faith, does a cause of action lie where the automatic stay by its terms is not in effect?

There are few cases in which bankruptcy courts considered whether prosecution of a criminal case constitutes a violation of the automatic stay. In *Underwood v. DeLay,* 48 B.R. 282, 285 (W.D.Mo.1984), the court stated that criminal prosecution may be a violation of the automatic stay if it is part of an "aggressive campaign to collect a debt." The court in *DeLay* specifically required that the criminal proceeding be a method to collect the debt. If the action was brought "to get even only in an emotional sense, not in a monetary sense," *id.,* there was no violation of the stay.

A few cases in which the debtor seeks only injunctive relief also indicate that the stay is violated by pursuing the criminal suits. For example, in *Ohio Waste Services, Inc. v. Fra–Mar Tire Services, Inc.,* 23 B.R. 59 (Bankr.S.D.Ohio 1982),[3] the debtor sought an injunction against the continuation of criminal proceedings on a "hot check" charge. The bankruptcy court determined that an injunction would issue because the prosecution was a violation of the automatic stay. The holding was based upon the determination that the sole reason for the prosecution was the creditor's belief that "a criminal prosecution could be used as a vehicle to compel payment." *Id.* at 60.

This Court believes that analysis of actions for injunctive relief and actions for contempt and/or damages must be separated for analysis. While injunctive relief based upon the creditor's attempt to collect in the criminal setting may be appropriate, the plain language of the statute does not provide grounds for contempt. Section 362 of the Bankruptcy Code (11 U.S.C.) stays, among other acts, the commencement or continuation of judicial actions against the debtor. *See* 11 U.S.C. § 362(a)(1). Section 362(b) excepts continuation or commencement of criminal actions against the debtor:

The filing of a petition under section 301, 302, or 303 of this title ... does not operate as a stay—

(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor.

11 U.S.C. § 362(b)(1). The terms of the statute are extremely clear: the filing of a petition in bankruptcy does not stay the continuation of a criminal action against the debtor.[4] *Brown v. Hampton (In re*

2. The Court does not make a finding of bad faith. The Court assumes, for purposes of this motion, that all of the allegations of the complaint are true.

3. Other cases include the following: *St. Joseph Wholesale Liquor Co. v. Butler,* 74 B.R. 106 (W.D.Mo.1985), *rev'g,* 45 B.R. 46 (Bankr. W.D.Mo.1984), in which the district court reversed the bankruptcy court's determination that initiation of a criminal proceeding did not violate the automatic stay. The district court held that the initial question was "whether the

state criminal action was initiated for the purpose of collecting the debt. If that [is] the case, the state criminal prosecution is violative of the automatic stay." *Id.* at 107 (citing *DeLay* ). The district court disagreed with the bankruptcy court's finding of fact that collection was not the sole basis for the prosecution. *See also In re Caldwell,* 5 B.R. 740 (Bankr.W.D.Va.1980).

4. It must be noted that this is not an action in which the state court is considering probation revocation upon the failure of the debtor to make payments pursuant to sentence after crim-

*Brown),* 51 B.R. 51, 52 (Bankr.E.D.Ark. 1985) ("11 U.S.C. § 362, by its own terms, does not act to stay a criminal proceeding.").

Contempt traditionally arises out of disobedience of a court order and is a remedy to coerce compliance with a court order. *In re Hopkins,* 66 B.R. 828, 834 (Bankr. W.D.Ark.1986). The statute specifically excepts criminal proceedings from the application of the automatic stay. Given that the language of the statute provides for commencement or continuation of criminal proceedings during the pendency of the bankruptcy, contempt should not issue absent an express order staying those particular criminal proceedings.

 The Court need not inquire into the facts and circumstances behind a criminal prosecution in order to determine whether a given criminal proceeding falls within the exception to the automatic stay. However, in appropriate circumstances criminal proceedings may be *enjoined* on the basis of the Bankruptcy Court's power under section 105 to issue any order necessary to carry out the provisions of the Bankruptcy Code. *See Davis v. Sheldon,* 691 F.2d 176 (3d Cir.1982). This view also furthers the policy embodied in the statutory exception stated in section 362(b)(1) to avoid unnecessary impediments to or intrusions upon criminal proceedings. Criminal actions should proceed unimpeded unless a party in interest makes an affirmative showing that circumstances warrant an injunction.

◼ Thus, the debtor's remedy for a creditor's improper actions in the criminal setting is to obtain an injunction of the criminal proceedings. If the debtor carries its burden of demonstrating that the criminal proceedings are being pursued solely to collect a debt or to otherwise pressure the debtor to provide preferential treatment to the creditor, an injunction may issue.[5] Ac-

cordingly, the request for contempt and damages based upon pursuit of a criminal proceeding in violation of the automatic stay fails to state a claim for which relief may be granted. However, the allegations of the amended motion, if taken as true, state a claim for injunctive relief.

ORDERED that the Motion to Dismiss, contained in the Response to Amended Motion for Certificate of Contempt, filed on August 11, 1992, is GRANTED in part and DENIED in part. The "Amended Motion for Certificate of Contempt" is DISMISSED as to the claim for damages.

IT IS SO ORDERED.

---

inal judgment. Such a proceeding, at least within the context of chapter 13, is not excepted from the application of the automatic stay. *See Pennsylvania v. Davenport,* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990). *Davenport* is still good law as to the issue of whether the automatic stay precludes such a hearing.

5. Of course, a request for injunctive relief is more properly filed as an adversary proceeding. Fed.R.Bankr.Proc. 7001(7). The debtor may wish to withdraw its motion and file an adversary proceeding.