**In re Katherine VINES, Debtor.**

**Bankruptcy No. 98–2788.**

United States Bankruptcy Court,
M.D. Alabama.

July 21, 1998.

*Opinion on Motion To Hold
Creditor in Contempt*

RODNEY R. STEELE, Bankruptcy Judge.

This case is about whether the Bankruptcy Court can or should, under the guise of a

---

motion for contempt for violation of the automatic stay, order a debtor to be released from jail where she was placed for violations of the Criminal Codes of Montgomery, Alabama or the State of Alabama

### Findings

The Debtor filed a Chapter 13 on 9 June 1998. On June 25, 1998 she appeared in the Municipal Court of the City of Montgomery on various charges, ranging from fines for bad checks, fines for convictions for driving violations, some of them accidents, and charges, some going back two years, of harassment. The harassment charges were based on her contacts with her former husband and his present wife, by telephone and in person. It appears from the response by the City of Montgomery and the exhibits attached to the answer, that debtor also has alcohol and/or drug problems, and that the Municipal Court has been extremely lenient with her, in an effort to permit her to seek rehabilitation. The Municipal Court on June 25 remitted her to the Municipal Jail for her refusal to comply with orders of that court relating to the payment of fines and orders to cease harassment.

Debtor seeks to have this court find the City and the Municipal Court in contempt for jailing the debtor while she was in bankruptcy, and refusing to release her after her attorneys made demand for her release *because she was in bankruptcy.* Debtor asserts that she has listed all the fines in her bankruptcy petition, to be paid in full through her plan, which has not yet been confirmed.

### Conclusions

The automatic stay of Title 11 U.S.C. Section 362(a) has not been violated. Section 362(b)(1) and Section 362(b)(4) except from the operation of the stay "...the commencement or continuation of a criminal action or proceeding against the debtor..." and "...the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental units' police or regulatory power.....".

Here the debtor was brought into Municipal Court on 25 June 1998 to answer not only for old charges, but for some additional charges growing out of her refusal to obey the prior orders of that court.

In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court in reversing a lower court for enjoining a state court criminal proceeding, made clear the history and reason for the rule against interference with state court criminal proceedings:

> "The precise reasons for this longstanding public policy against federal court interference with state court proceedings have never been specifically identified but the primary sources of the policy are plain. One is the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief...."

Following citations, the Court continued:

> "In all of these cases the Court stressed the importance of showing irreparable injury, the traditional prerequisite to obtaining an injunction. In addition, however, the Court also made clear that in view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is 'both great and immediate.' Fenner, supra. Certain types of injury, in particular, the cost, anxiety and inconvenience of having to defend against a single criminal prosecution could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution....." (at 91 S.Ct. 752–753, 27 L.Ed.2d 675–677)

Here the injunction of the automatic stay is specifically excluded as to state criminal proceedings. There is no showing of any "irreparable" injury where the only thing at risk in debtor's bankruptcy is the viability of her plan, if it is ever presented for confirmation.

An appropriate order will follow.

*Order on Motion To Hold
Creditor in Contempt*

By an opinion entered today, the court found that the City of Montgomery was not guilty of any violation of the automatic stay of Title 11 U.S.C. Section 362(a), or any other provision of the Bankruptcy Code, in jailing the Debtor on 25 June 1998, and it is therefore

ORDERED that the Motion to Hold the Creditor City of Montgomery in contempt is denied.