**In re Cassaundra G. BIBBS, Debtor.**

**No. 4:00–BK–40266M.**

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

Aug. 19, 2002.

David D. Coop, North Little Rock, AR, Chapter 13 Trustee.

Kathy Cruz, Hot Springs, AR, David Fuqua, North Little Rock, AR, Karla Burnett, Kimberly Burnett, Little Rock, AR, for debtor.

## ORDER

JAMES G. MIXON, Chief Judge.

On June 20, 2000, Cassaundra G. Bibbs ("Debtor") filed a voluntary petition for relief under the provisions of chapter 13 of the United States Bankruptcy Code. On April 6, 2000, an Order was entered confirming her plan.

On February 27, 2001, the Debtor filed a pleading styled "Motion for Damages" alleging she was damaged when the automatic stay was will fully violated by Pulaski County, Arkansas; the City of Sherwood, Arkansas; the Pulaski County Prosecuting Attorney's Office; and Larry Jegley, in his capacity as Prosecuting Attorney for Pulaski County, Arkansas. The Debtor alleges that the Defendants have violated the automatic stay by incarcerating the Debtor as a result of a conviction in the Sherwood Municipal Court for violation of The Arkansas Hot Check Law. *See* Ark.Code Ann. § 5–37–301–306 (Michie 1997 & Supp.2001).

A hearing was conducted on April 6, 2001, and the matter was taken under advisement. The Court has jurisdiction in accordance with 28 U.S.C. § 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(2000), and this Court may enter a final judgment in this case.

## DISCUSSION

■ At the time the Debtor filed her chapter 13 petition, she listed on her schedules 14 separate hot check charges pending in the Municipal Court of Maumelle, Arkansas; one case pending in the Municipal Court of Little Rock, Arkansas; and four charges pending in the Municipal Court of Sherwood, Arkansas. The amount the Debtor scheduled owing to the City of Sherwood is $5,985.00, but this amount does not distinguish what part of the debt represents fines and what part represents restitution.

The Debtor testified that after she had filed her bankruptcy case she was contacted by a detective from the City of Sherwood who advised her that he had a warrant for her arrest. As a result, she appeared in Sherwood Municipal Court. When her case was called, the prosecuting attorney "called my name and stated an amount that I owed and said that I hadn't made any payments. And Judge Hale[1] said 'fine' and wrote something down and they escorted me to the left [to be processed for incarceration] and that was it." (Tr. at 11.)

On cross-examination, the Debtor admitted that Judge Hale had previously sentenced her to jail in 1998 for 364 days on hot check charges and that she had escaped incarceration by filing a bankruptcy petition. The 1998 case was dismissed, and the current case was filed in 2000. The Debtor also admitted writing postpetition hot checks and being arrested for those charges and for a "probation revocation" in connection with other hot check violations.

■■ The Bankruptcy Code creates a self-executing automatic stay effective as of the moment a bankruptcy petition is filed. *See* 11 U.S.C. § 362 (2000); 3 Collier on Bankruptcy ¶ 362.01 (Alan N. Resnick & Henry J. Sommer eds., 15th ed.

---

**1.** Honorable Milas Hale, Municipal Court Judge of Sherwood, Arkansas.

rev.2002). The stay is effective even though no notice is given, and generally actions taken in violation of the automatic stay are void. *LaBarge v. Vierkant (In re Vierkant)*, 240 B.R. 317, 323 (8th Cir. BAP 1999) (quoting *In re Garcia*, 109 B.R. 335 (N.D.Ill.1989)); 3 Collier on Bankruptcy ¶ 362.02.

There are, however, certain statutory exceptions to the application of the automatic stay. Section 362(b)(1) of the Bankruptcy Code provides that "The filing of a petition ... does not operate as a stay ... under subsection (a) of this section of the commencement or continuation of a criminal action or proceeding against the debtor...." 11 U.S.C. § 362(b)(1) (2000).

Some courts, including one of the judges of this Court, have held that the stay does apply to criminal prosecution of a debtor who writes hot checks. *See, e.g., Walters v. Sherwood Municipal Court (In re Walters)*, 219 B.R. 520, 527 (Bankr.W.D. [sic] Ark.1998) (Scott, J.) (ruling judicial and law enforcement officers are stayed from attempting to collect fines or restitution for hot checks); *Washington v. Hale (In re Washington)*, 146 B.R. 807, 810 (Bankr. E.D.Ark.1992) (Scott, J.) (holding that an attempt to collect restitution by the courts violates the stay).

*See also Hucke v. Oregon*, 992 F.2d 950, 953 (9th Cir.1993) (stating that if probation hearing was aimed at collection of a fine, it violated stay), *overruled by Gruntz v. Los Angeles County (In re Gruntz)*, 202 F.3d 1074, 1087 (9th Cir.2000) (*en banc*); *St. Joseph Wholesale Liquor Co. v. Butler (In re Butler)*, 74 B.R. 106, 107 (W.D.Mo.1985) (ruling that stay is violated when state initiates criminal action for purpose of collecting debt); *Rainwater v. Alabama (In re Rainwater)*, 233 B.R. 126, 157 (Bankr. N.D.Ala.1999) (stating that probation revocation for debtor's theft conviction violated stay because it was an attempt to collect

restitution) *vacated sub nom, Bryan v. Rainwater*, 254 B.R. 273 (N.D.Ala.2000); *In re Perrin*, 233 B.R. 71, 78 (Bankr. D.N.J.1999) (concluding that if state's motive is collection of prepetition debt then prosecution is not excepted from the automatic stay) (quoting *In re Corbo*, 117 B.R. 109, 111 (Bankr.D.N.J.1990)); *In re Muncie*, 240 B.R. 725, 727 (Bankr.S.D.Ohio 1999) (holding creditor initiating criminal proceeding to collect on bad checks violated the automatic stay) (citing *In re Lake*, 11 B.R. 202, 204 (Bankr.S.D.Ohio 1981); *St. Joseph Wholesale Liquor Co. v. Butler (In re Butler)*, 74 B.R. 106, 107 (W.D.Mo. 1985); *Padgett v. Latham (In re Padgett)*, 37 B.R. 280, 283–84 (Bankr.W.D.Ky.1983)); *In re Barboza*, 211 B.R. 450, 452–53 (Bankr.D.R.I.1997) (finding that stay was violated by state's post-petition collection of restitution related to criminal charge of obtaining money under false pretenses); *United States v. Landstrom Distributors, Inc.*, 55 B.R. 390, 391–92 (Bankr.C.D.Cal. 1985) (stating that automatic stay applied to criminal fines); *Ohio Waste Servs., Inc. v. Fra–Mar Tire Servs., Inc. (In re Ohio Waste Servs., Inc.)*, 23 B.R. 59, 61 (Bankr. S.D.Ohio 1982) (ruling that creditor violated automatic stay by referring to prosecutor chapter 11 debtor's officer for investigation for hot checks); *In re Van Riper*, 25 B.R. 972, 977 (Bankr.W.D.Wis.1982) (holding that creditor should have sought relief from stay before contacting prosecutor to collect debt from debtor-contractor under criminal statute).

Other authorities hold that the unambiguous language of section 362(b)(1) compels the conclusion that the stay does not apply to criminal prosecution of a Debtor. *See, e.g., Rollins v. Campbell (In re Rollins)*, 243 B.R. 540, 548 (N.D.Ga.1997) (finding that criminal proceeding to revoke probation for debtor's failure to pay child support was not stayed by bankruptcy filing,

regardless of creditor's motivation) (citing *U.S. v. Caddell,* 830 F.2d 36 (5th Cir.1987); *In re Invesco Int'l Corp.,* 93 B.R. 296 (Bankr.N.D.Ga.1988); *United States v. Troxler Hosiery Co.,* 41 B.R. 457 (M.D.N.C.1984)), *aff'd,* 140 F.3d 1043 (11th Cir.1998); *United States v. Troxler Hosiery Co.,* 41 B.R. 457, 462 (M.D.N.C.1984) (holding government's enforcement of criminal fine and costs imposed on debtor in prepetition criminal proceeding was excepted from stay), *United States v. Troxler Hosiery Co.,* 796 F.2d 723 (4th Cir.1986); *134 Baker Street, Inc. v. Georgia,* 47 B.R. 379, 382 (N.D.Ga.1984) (concluding that section 362(b)(1) permits state to enforce criminal sentence in the nature of money fines against the debtor); *In re Hartung,* 258 B.R. 210, 213 (Bankr.D.Mont.2000) (ruling that criminal prosecution was not stayed, even if collection of debt is underlying purpose); *In re Vines,* 224 B.R. 491, 492 (Bankr.M.D.Ala.1998) (finding city did not violate the stay for jailing debtor for failure to pay fines for bad checks and driving violations); *Schake v. Buffalo County (In re Schake),* 154 B.R. 270 (Bankr.D.Neb.1993) (stating that automatic stay does not bar collection of insufficient funds checks by prosecutor); *In re Ferris,* 93 B.R. 729, 731 (Bankr.D.Colo. 1988) (stating automatic stay is not applicable to enforcement of criminal restitution because of section 362(b)(4)); *In re Pellegrino,* 42 B.R. 129, 136 (Bankr.D.Conn. 1984) (concluding that post petition enforcement of wage garnishment execution instituted by state to collect restitution on criminal charge did not violate stay);

*Mead v. Director, Office of Adult Probation,* 41 B.R. 838, 841 (Bankr.D.Conn.1984) (enforcement of state court's restitution order was excepted from the automatic stay under section 362(b)(1)); *In re Johnson,* 32 B.R. 614, 616 (Bankr.D.Colo.1983) (ruling automatic stay does not operate against prior court orders for debtor to make restitution for fraud by check). See, also, 3 Collier on Bankruptcy ¶ 362.05[1][a] (opining that bad check prosecutions should be exempt from the automatic stay under § 362(b)(1), even if primary purpose is debt collection; bankruptcy court may enjoin such prosecution if the primary purpose is not enforcement of criminal law).[2]

Some courts that have ruled that the automatic stay applies to hot check prosecutions have relied upon dicta contained in the Supreme Court decision of *Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990) (holding that restitution is a dischargeable debt in chapter 13) (superseded by statute as stated in 11 U.S.C. 1328(a)(3) (2000)). In that case, Justice Marshall stated:

> Section 362(b)(1) ensures that the automatic stay provision is not construed to bar federal or state prosecution of alleged criminal offenses. It is not an irrational or incoherent policy choice to permit prosecutions of criminal offenses during the pendency of a bankruptcy action and at the same time to preclude probation officials from enforcing restitution orders while a debtor seeks relief under Chapter 13.

**2.** Whether the Debtor could properly obtain an injunction under the provisions of 11 U.S.C. § 105(a) to stop the criminal process is not the issue in this case. *See, e.g., Munroe v. Lasch,* 73 B.R. 909, 916 (E.D.Wis.1987) (refusing to enjoin criminal action for bad check because not commenced in bad faith and no irreparable harm to debtor's federal rights); *In re Smith,* 145 B.R. 297, 300 (Bankr.

W.D.Ark.1992) (stating that debtor's remedy for creditor's improper actions in criminal prosecution was to obtain an injunction of the proceedings); *Brown v. Hampton (In re Brown),* 51 B.R. 51, (Bankr.E.D.Ark.1985) (enjoining creditor from receiving restitution on hot check but refusing to enjoin the criminal proceeding).

*Davenport,* 495 U.S. at 560–61, 110 S.Ct. 2126.

However, reliance on this comment is misplaced, as the district court observed in the case of *Bryan v. Rainwater:*

the *Davenport* decision did not hold that the automatic stay precludes probation officials from enforcing restitution orders while a debtor seeks relief under Chapter 13. While *Davenport's* dicta does indicate that the Court felt that section 362(b)(1) is not inconsistent with granting protection from restitution orders under Chapter 13, its holding focused squarely on whether restitution obligations were in fact "claims" or "debts" within the meaning of the bankruptcy code and therefore were dischargeable. Post *Davenport* developments make this point clear. In November 1990, Congress responded to the *Davenport* decision by enacting an amendment to the Bankruptcy Code which provides that a debtor in bankruptcy court cannot discharge restitution that is included as part of a criminal sentence. See 11 U.S.C. § 1328(a)(3). Furthermore, in *Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991), the Supreme Court recognized that, while leaving intact the general holding in *Davenport* regarding the breadth of the definition "claim" under the Bankruptcy Code, Congress had overruled the result in Davenport by expressly withdrawing the power of bankruptcy courts to discharge restitution orders. *Johnson,* 501 U.S. at 83 n. 4, 111 S.Ct. 2150.

*Bryan v. Rainwater,* 254 B.R. 273, 277 (N.D.Ala.2000).

Furthermore, the Ninth Circuit Court of Appeals in a recent *en banc* decision reversed its previous decision in *Hucke v. Oregon,* 992 F.2d 950 (9th Cir.1993) and held squarely that the automatic stay does not apply to criminal prosecutions. Period. The court observed:

Quite simply, the Bankruptcy Code declares that section 362 does not stay "the commencement or continuation of a criminal action or proceeding against the debtor." On its face, it does not provide any exception for prosecutorial purposes or bad faith. If the statutory command of the Bankruptcy Court is clear, we need look no further. It must be enforced according to its terms.

*In re Gruntz,* 202 F.3d 1074, 1085 (9th Cir.2000) (holding automatic stay does not stay state criminal prosecutions, even if the underlying purpose of the criminal proceeding is debt collection) (citing *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)). The Court finds the reasoning in *In re Gruntz* compelling.

For these reasons, the Debtor has failed to establish that any of the Defendants violated the provisions of the automatic stay because the stay, by its express terms, does not apply to criminal proceedings including the enforcement of orders to pay fines and restitution.

IT IS SO ORDERED.